UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JUAN LANDROVE ROSALES,<br><br>Plaintiff,<br><br>vs.<br><br>PENNINGTON COUNTY JAIL, YANTIS, COMMANDER AT PENNINGTON COUNTY JAIL IN OFFICIAL CAPACITY,<br><br>Defendants. | 5:21-CV-05019-LLP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING FOR DISMISSAL |

Plaintiff, Juan Landrove Rosales, filed a pro se civil rights lawsuit under 42 U.S.C. 1983. Doc. 1. Rosales is confined at the Pennington County Jail. *Id.* at 1. He moves to proceed in forma pauperis and filed his prisoner trust account report. Docs. 2, 3.

I.      **Motion to Proceed In Forma Pauperis**

Rosales moves to proceed in forma pauperis and filed his prisoner trust account report. Docs. 2, 3. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)     the average monthly deposits to the prisoner's account; or

  (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Rosales filed a prisoner trust account report that shows his average monthly deposits for the past six months as $54.00 and his average monthly balance for the past six months as $2.90. Doc. 3. Based on this information, the Court grants Rosales leave to proceed in forma pauperis and waives the initial partial filing fee.

In order to pay the remainder of his filing fee, Rosales must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The clerk of the court will send a copy of this order to the appropriate financial official at plaintiff's institution. Rosales will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II. 1915A Screening

### A. Factual Background

Rosales claims he purchased a radio from the commissary. Doc. 1 at 4. As a form of punishment, his radio was allegedly taken from him and he was given a "like radio[.]" Rosales

alleges that the radio he purchased is being held in personal property. *Id.* He seeks reimbursement for the radio and to get the radio back. *Id.* at 7.

### B. Legal Background and Analysis

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers*, 755 F.2d at 663. *Bell Atlantic* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555; *see also Abdullah v. Minnesota*, 261 Fed. Appx. 926, 927 (8th Cir. 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### 1. Claims against Pennington County Jail

Rosales names the Pennington County Jail as a defendant. Doc. 1 at 1. "[C]ounty jails are not legal entities amenable to suit." *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Rosales's claim against the Pennington County Jail is therefore dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

### 2. Claims against Commander Yantis

Rosales sues Yantis only in his official capacity as the Commander at Pennington County Jail. Doc. 1 at 2. This Court cannot liberally construe that Rosales meant to sue Yantis in his personal capacity as it must be specifically alleged in a complaint. *See Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Claims against Yantis in his official capacity are the equivalent of a lawsuit against Pennington County. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A county may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rosales does not allege that Pennington County has unconstitutional policies or customs, thus his claims against Yantis are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and

Even if Rosales would have specifically alleged this claim against Yantis in his individual capacity, Rosales's complaint would still be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). He claims that his Fifth Amendment Due Process right has been violated. Doc. 1 at 4. The Due Process Clause of the Fifth Amendment applies to the United States, whereas the Due Process Clause of the Fourteenth Amendment applies to the States. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Rosales's claim under the Fourteenth Amendment would still fail because there is an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). SDCL § 21-3-3 provides a cause of action for wrongful conversion of personal property. Thus, there is no Due Process violation. *Hudson*, 468 U.S. at 535.

Accordingly, it is ORDERED:

1. That Rosales's motion to proceed in forma pauperis, Doc. 2, is granted.

2. That the institution having custody of Rosales is directed that whenever the amount in Rosales's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to the Rosales's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full.

3. That Rosales's complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

DATED April 12, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

5